The judgment of the court was pronounced by
Rost, J.
The property of Thomas W. Lane was attached by various creditors, and purchased by Haydon, also an attaching creditor, on twelve months’ credit, subject to a mortgage of six thousand dollars made by Lane and held by Clacor. After the sale under the attachment, Clacor instituted an action of mortgage on the note of Lane for six thousand dollars, and had a curator ad hoc appointed to represent Lane, a non-resident. The curator ad hoc answered in the suit, and a short time after filed an answer, and submitted the case in vacation to the court, when a judgment was rendered on the note and execution issued, and by virtue of the sheriff’s sale made under it, Eugene Troisgros (also an attaching creditor) became the purchaser. Troisgros sued out a monition to perfect said sale, and both Haydon and Lane filed oppositions to its homologation for these reasons: 1st. A curator ad hoc cannot be appointed to represent a party who is neither in court by his property or personal service of citation. 2d. A curator ad hoc cannot waive any of the rights of the party he represents.
The district court considering that the curator had not the right to submit the cause to the decision of the court in vacation, sustained the opposition, set aside the monition, and annulled the sheriff’s sale. Troisgros appealed.
The judgment is clearly correct, and in accordance with the uniform decisions of this court. Stockton v. Hasluck, 10 M. R. 474. Krukler v. Bank of the United States, 12 R. R. 464. Edmonson v. Mississippi and Alabama Railroad, 13 L. R. 282.
Judgment affirmed.